**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JOSEPH TAFT CELESTINE** | **CASE NO.  6:25-CV-00752** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **RICHARD A STANGER** | **MAGISTRATE JUDGE DAVID J. AYO** |

**REPORT AND RECOMMENDATION**

Now before this Court is a handwritten requested filed by plaintiff Joseph Taft Celestine which the Court has docketed as a MOTION TO APPOINT COUNSEL.  (Rec. Doc. 12). The undersigned issues the following report and recommendation pursuant to 28 U.S.C. § 636.  For the reasons explained below, this Court recommends that Celestine's suit be dismissed without prejudice pursuant to Rule 12(b)(1).

**Factual Background**

Celestine, acting *pro se*, filed the instant medical malpractice suit in the Western District of Louisiana on May 30, 2025.  (Rec. Doc. 1).  Celestine alleges that Dr. Richard A. Stanger negligently performed an L2–S1 spinal fusion surgery on him on July 22, 2020, causing injury and damages, for which he seeks relief in the amount of approximately $2,960,500.00.[1]  (Rec. Doc. 1 at p. 7).  He cites the Eleventh Amendment to the Constitution as a basis for relief in this matter.  (*Id.*).

---

[1]    Celestine's Complaint contains the following language:

> Damages Awardable to Plaintiff…
> Tort Liability…$2.8 Million Dollars
> Medical Malpractice…$100,50 Thousand of Dollars
> Mental Anguish…$60,000,000 Thousand of Dollars[.]

(Rec. Doc. 1 at p. 7).

Celestine sought and was granted leave to proceed *in forma pauperis* at the time this suit was filed. (Rec. Doc. 4). On June 3, 2025 the Clerk of Court issued a summons as to Dr. Stanger, the sole named defendant. (Rec. Doc. 5). Celestine attempted to effect service upon Dr. Stanger via certified U.S. Mail. (Rec. Doc. 6). On September 5, 2025, the Clerk of Court issued its Notice of Intent to Dismiss for Failure to Prosecute Under LR 41.3, advising Celestine that his suit would be dismissed if he did not file proof of service or an appropriate motion for additional time in which to make service within 14 days of its issuance. (Rec. Doc. 7). Celestine again filed purported proof of service on September 19, 2025, which the Clerk of Court advised was insufficient under Rule 4 of the Federal Rules of Civil Procedure. (Rec. Docs. 8, 9). Thereafter, the Clerk of Court reissued the summons. (Rec. Doc. 10). On September 29, 2025, Celestine again filed purported proof of service into the record, which the Clerk of Court advised remained insufficient under Rule 4. (Rec. Doc. 11). Celestine now seeks the appointment of counsel to represent him based on his lack of education and lack of access to electronic mail. (Rec. Doc. 12 at p. 2).

## Applicable Standards

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute…which is not to be expanded by judicial decree. It is to be presumed that a cause of action lies outside this limited jurisdiction…and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (internal citations omitted). A federal court has "an 'obligation to assure itself of its own jurisdiction, *sua sponte* if necessary.'" *Nat'l Religious Broadcasters v. Fed. Commc'ns Comm'n*, 138 F.4th 282, 290 (5th Cir. 2025) (quoting *Elldakli v. Garland*, 64 F.4th 666, 669 (5th Cir. 2023)). Where a court determines it lacks jurisdiction over a claim it must dismiss the suit. Fed. R. Civ. P. 12(h)(3).

Federal district courts possess subject matter jurisdiction over cases in which there is diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.  28 U.S.C. § 1332.  Section 1332 requires "complete diversity," which is to say that no party on one side of the controversy may share citizenship with any party on the other side of the controversy.  *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L. Ed. 435 (1806), *McLaughlin v. Miss. Power Co.*, 376 F.3d 344, 353 (5th Cir. 2004)).

Federal district courts also possess subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  Additionally, federal question jurisdiction may exist where state law causes of action are asserted, but the adjudication of those claims the court to resolve "a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Tr. for State of Cal.*, 463 U.S. 1, 13 (1983).

## Analysis

Review of Celestine's Complaint reveals that he asserts a single medical malpractice claim against Dr. Stanger arising from his July 2020 surgery.  (Rec. Doc. 1). Celestine's address of record indicates that he is a resident of Lafayette and a Louisiana citizen.[2]  (Rec. Doc. 3). Similarly, Dr. Stanger's address is alleged to be 10101 Park Rowe Avenue, Third Floor, Suite 6, Baton Rouge, Louisiana 70810, indicating that Dr. Stanger is also a Louisiana citizen.  (Rec. Doc. 1 at p. 9).  Based on the facts alleged by Celestine, the parties are not

---

[2]    At the time of the filing of the Complaint, Celestine reported 504 N. Pierce St., Apt. 3105, Lafayette, LA 70501-3569 as his address of record.  (Rec. Doc. 1 at p. 1).  On June 2, 2025, Celestine filed a Notice of Change of Address, asking that his address of record be changed to 418 Stevensons St., Lafayette, LA 70501.  (Rec. Doc. 3).  In successive filings, Celestine lists his address as 418 Stevenson St., Lafayette, LA 70501."  (*See*, Rec. Doc. 12).  As there is no "Stevensons St." in Lafayette, Louisiana, this Court will direct the Clerk of Court to amend the record to note Celestine's correct address of 418 Stevenson St., Lafayette, LA 70501.

diverse in citizenship, as both are Louisiana citizens. Thus, despite the damages sought, which clearly exceed the jurisdictional threshold under Section 1332, this case does not fall within the Court's diversity jurisdiction.

Celestine's Complaint states a single claim for medical malpractice against Dr. Stanger. (Rec. Doc. 1). A fair reading of the Complaint indicates that this claim is governed by the Louisiana Medical Malpractice Act ("MMA"), LA. STAT. ANN. 40:1231.1, *et seq.* Despite Celestine's invocation of the Eleventh Amendment, this Court finds no application of this provision to Celestine's claim. The Eleventh Amendment establishes the sovereign immunity of the states, providing that no state may be sued "either in its own courts, courts of other states, or federal courts…without the state's consent." *Russell v. Jones*, 49 F.4th 507, 512 (5th Cir. 2022) (citing *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999)). Construing the allegations of the Complaint in the light most favorable to Celestine and taking into account his *pro se* status, this Court nevertheless finds no federal claim is reasonably presented. Accordingly, this case also falls outside the Court's federal question jurisdiction.

Having determined that the Court lacks subject matter jurisdiction over Celestine's claims, the undersigned will recommend dismissal of this suit without prejudice pursuant to Rules 12(b)(1) and (h)(3) of the Federal Rules of Civil Procedure. In the absence of subject matter jurisdiction, the Court need not consider appointment of counsel, as it lacks the authority to grant relief.

## Conclusion

For the reasons discussed herein, the Court recommends that the instant suit be DISMISSED without prejudice based on a lack of subject matter jurisdiction. Considering the foregoing, it is further recommended that Celestine's pending MOTION TO APPOINT COUNSEL (Rec. Doc. 12) be DENIED as MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.

THUS DONE in Chambers, Lafayette, Louisiana on this 10th day of October, 2025.

_____
DAVID J. AYO
UNITED STATES MAGISTRATE JUDGE